**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD SOTO<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>          Defendant. | No. EDCV 10-723 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Ronald Soto ("Soto") filed a Complaint on May 19, 2010. Pursuant to 28 U.S.C. § 636(c), the parties filed consents to proceed before the magistrate judge on June 3 and 21, 2010 (Dkt. Nos. 8, 9.) On January 19, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///
///

I.

**PROCEDURAL BACKGROUND**

On July 3, 2007, Soto filed applications for disability insurance benefits and supplemental security income benefits. Administrative Record ("AR") 9. In both applications, Soto alleged a disability onset date of October 5, 2006. *Id.* The applications were denied initially and on reconsideration. AR 9, 47-51. Soto requested a hearing before an Administrative Law Judge ("ALJ"). AR 52. On April 21, 2009, an ALJ conducted a hearing at which Soto, a medical expert, and a vocational expert ("VE") testified. AR 19-36. On July 23, 2009, the ALJ issued a decision denying benefits. AR 9-18. On April 17, 2010, the Appeals Council denied the request for review. AR 1-3. This action followed.

II.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found Soto has the following severe impairments: psychotic disorder substance induced and mood disorder substance induced. AR 12. If Soto stopped the substance abuse, he would have the residual functional capacity ("RFC") to perform the full range of medium work. AR 14. He could "perform simple repetitive tasks, in a non-public setting; and work with moderate limitation in ability to do the following: carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, and set realistic goals or make plans independently of others." *Id.* The ALJ found that if Soto stopped the substance abuse, he would be capable of performing past relevant work as a store laborer as it is actually and generally performed. AR 17.

## C. Past Relevant Work

Soto contends the ALJ erred by failing to determine the extent of Soto's contact with the public in performing his past work as a store laborer.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to

support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling 82-62;[1] *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ is not required to make explicit findings as to whether a claimant can perform past relevant work both as generally performed and as actually performed. *Pinto,* 249 F.3d at 845.

The ALJ found that if Soto stopped the substance abuse, he could return to his past relevant work as a store laborer, both as actually and generally performed. AR 17. The VE questioned Soto as to the nature of his past relevant work. AR 33. Soto stated he took "orders for loading on trucks" and drove a fork lift. *Id.* The VE testified that the store laborer job was medium, unskilled work and that it was non-public work. AR 34-35; *see* Dictionary of Occupational Titles ("DOT") 922.687-058.[2] The ALJ specifically asked the VE if the store laborer work involved the public. AR 35. The VE replied, "Not from the description I saw[;] it was more of the stocking and unloading than dealing with customers." *Id.* The ALJ asked Soto, "Are you stocking and unloading trucks owned by the customers or are you stocking and unloading Home Depot trucks?" *Id.* Soto replied, "It was stocking and unloading Home Depot trucks." *Id.* The ALJ stated, "Okay, all right so that would fit then." *Id.* Soto's attorney stated he had no questions for the VE. *Id.*

Soto's description of his prior work (*see* AR 33-34, 121) and the VE's opinion, which in turn relied on specific job classifications in the DOT, constitute substantial evidence supporting the ALJ's determination that Soto can perform his past relevant work as actually and generally performed. *See Matthews v. Shalala*, 10 F.3d 678, 681

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[2] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

(9th Cir. 1993) (claimant's testimony about past relevant work is "highly probative"); *Pinto*, 249 F.3d at 845-46 ("the best source for how a job is generally performed is usually the Dictionary of Occupational Titles"). Soto's attempt to distinguish the facts in *Matthews* is misplaced. He argues he did not specifically testify that his past work did not require public contact. JS 7. However, the ALJ drew reasonable inferences from the testimony. *See Lewis v. Barnhart*, 281 F.3d 1081, 1083-84 (9th Cir. 2002) (ALJ is responsible for resolving conflicts and ambiguities in claimant's testimony about past relevant work). There is no evidence in the record that Soto dealt with customers at Home Depot.[3]

As to past relevant work as generally performed, the VE's testimony was consistent with the DOT. Soto argues the VE's testimony was inconsistent with the DOT because the DOT listing for the store laborer job indicates that such a worker "[m]ay drive vehicle to transport stored items from warehouse to plant or to pick up items from several locations for shipment." JS 3. Soto assumes that transporting items from a warehouse to plant or picking up items for shipment necessarily involves public contact. Such an assumption is speculative. Soto also contends that "may," according to the Merriam-Webster dictionary, means "possibility or requirement;" thus, some contact with the public would be required of a store laborer. JS 3, 7. Soto's reasoning, however, is flawed. The DOT definition of "may" indicates that the specific duty is not required in all establishments.[4] *See* DOT, Parts of the Occupational Definition, 1991 WL 645965, §

---

[3] This case is distinguishable from those in which the claimant provided evidence that his/her past relevant work required duties inconsistent with the RFC. *See Pinto*, 249 F.3d at 845 (claimant testified job required constant standing, bending and stooping).

[4] "Many definitions contain one or more sentences beginning with the word 'May'. They describe duties required of workers in this occupation in some establishments but not in others. The word 'May' does not indicate that a worker will sometimes perform this task but rather that some workers in different establishments generally perform one of the varied tasks listed." DOT, Parts of the Occupational Definition, 1991 WL 645965, § 5(c).

5(c). As the Commissioner argues, the DOT lists the store laborer job as having the lowest level of interaction with people. JS 6; *see* DOT 922.687-058. The VE's testimony was consistent with the DOT and Soto's RFC. The ALJ did not err.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 4, 2011

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge